UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-10784-SSC                              Date: January 8, 2026

Title      Ray Myllyla v. Equity Residential Management, LLC, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Denying Plaintiff's Motion to Remand (ECF 9) and Denying As Moot Defendant's *Ex Parte* Application (ECF 17)**

    Before the Court is Plaintiff Ray Myllyla's motion to remand to state court this putative class action, which brings a claim under California's Unfair Competition Law. To resolve the motion, the Court must decide whether Defendant Equity Residential Management, LLC, properly removed this action to federal court under the Class Action Fairness Act. Because the Court finds that the amount in controversy exceeds the $5 million minimum required by the statute, the Court DENIES Plaintiff's motion to remand.

I

    Plaintiff Ray Myllyla initially filed this action in Los Angeles County Superior Court on October 9, 2025, on behalf of a putative class. (ECF 1-2.) As defined in the original complaint, the class consists of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10784-SSC                    Date: January 8, 2026

Title   Ray Myllyla v. Equity Residential Management, LLC, et al.

"[a]ll persons who entered into residential leases with Defendants from four years prior to filing the case to the date of certification or judgment, whichever is earlier." (*Id.* at 4.)  Plaintiff names Equity Residential Management, LLC, as a defendant, along with Does 1–100.  (*Id.* at 2.)  The complaint alleges violation of California's Unfair Competition Law (UCL) on the ground that Plaintiff's lease with Defendant contained unfair and unlawful provisions because the lease uses the Ratio Utility Billing System (RUBS) to allocate fees for pest control and trash services among tenants.  (*Id.* at 2–3.)  The complaint includes a prayer for "[r]eimbursement of all pest control and trash administration charges" and attorney's fees and costs, among other remedies.  (*Id.* at 6.)

On November 10, 2025, Defendant timely removed this action to federal court under the Class Action Fairness Act (CAFA).  (ECF 1 at 4.)  Defendant alleges in its notice that the action is a putative class action, the proposed class exceeds 100 members, there is minimal diversity between the parties, and the amount in controversy exceeds CAFA's $5 million minimum.  (*Id.* at 5–7.)  In support of its notice of removal, Defendant filed a declaration from Jenay Carnley, Defendant's Centralized Operations Director.  (ECF 1-11 at 2 at ¶ 1.)  Based on that declaration, Defendant asserts that it has approximately 80,000 to 84,000 apartment units across the United States in any given year and that pest control fees range from $1 to $3 per month, with the majority of units charged $2 per month.  (ECF 1 at 7.)  Defendant calculates a minimum amount in controversy of $5,760,000 by multiplying 80,000 leases by $1.5 by 12 months by four years.  (*Id.*)  Defendant asserts that the calculation does not include trash administration fees, which are also at issue and typically exceed pest control fees.  (*Id.*)  Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10784-SSC                           Date: January 8, 2026

Title      Ray Myllyla v. Equity Residential Management, LLC, et al.

asserts further that an estimate of Plaintiff's attorney's fees would total at least $1,440,000.  (*Id.*)

Now before the Court is Plaintiff's motion to remand filed on November 30, 2025.  (ECF 9.)  Of the several requirements for removal, Plaintiff attacks only the amount in controversy.  Specifically, Plaintiff argues that remand is warranted because the notice of removal contained insufficient evidence to support the contention that the combined claims exceed $5 million and establish CAFA jurisdiction.  (*Id.* at 3.)

On December 4, 2025, Plaintiff filed a first amended complaint (FAC).  (ECF 11.)  In the FAC, Plaintiff limited the putative class to "[a]ll persons who have been tenants of Defendants in California from four years prior to filing the case to the date of certification or judgment, whichever is earlier, and who have been charged a monthly pest control fee and/or a monthly trash service fee."  (*Id.* at 6.)  Plaintiff also added a request for prospective injunctive relief to the FAC's prayer for relief.  (*Id.* at 9.)

On December 16, 2025, Defendant opposed the motion to remand (ECF 12), submitting another declaration from Ms. Carnley in support (ECF 12-1).  In sum, Defendant argues that the allegations in the FAC explicitly defining a California-only class does not drop the amount in controversy below $5 million.  (ECF 12 at 5.)  Plaintiff timely replied.  (ECF 15.)  The Court held a hearing on January 6, 2026, and the motion is now ready for ruling.

## II

In general, defendants may remove any case filed in state court over which the federal district courts have original jurisdiction.  28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10784-SSC                                      Date: January 8, 2026

Title         Ray Myllyla v. Equity Residential Management, LLC, et al.

U.S.C. § 1441(a).  Certain class actions may be removed based on jurisdiction under CAFA.  28 U.S.C. § 1332(d)(2).  Such jurisdiction exists if (1) "the class has more than 100 members," (2) "the parties are minimally diverse," and (3) "the amount in controversy exceeds $5 million."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014); § 1332(d)(2), (5)(B).

Although the general rule is that removal statutes are strictly construed against removal jurisdiction, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam), "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee*, 574 U.S. at 89.  Rather, "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*  "[W]hen a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.  "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

### III

The parties do not dispute that Defendant's notice of removal satisfied CAFA's requirements of minimum diversity and class numerosity.  (ECF 1 at 5–6; ECF 9; ECF 12 at 5, 13.)  The question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10784-SSC                           Date: January 8, 2026

Title        Ray Myllyla v. Equity Residential Management, LLC, et al.

before the Court is whether the amount in controversy meets CAFA's requirement that it exceeds $5 million.  (ECF 9; ECF 16.)  Plaintiff claims it does not and makes several arguments in support of that claim, none of which is persuasive.

**A**

First, Plaintiff challenges Ms. Carnley's declaration in support of the notice of removal, asserting that she provided "no information about how the . . . numbers were derived, and no supporting documentation[,]" and contending that the numbers "could be arbitrary or even based on fictitious data."  (ECF 9 at 3.)

Such a facial attack against a declaration is foreclosed because "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (citation modified); *see Dart Cherokee*, 574 U.S. at 89.  Although the original complaint does not state the amount in controversy, all that is needed is "[a] statement 'short and plain'" which "need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 84.  Here, the original complaint sought "[r]eimbursement of all pest control and trash administration charges" and attorney's fees and costs, among other remedies.  (ECF 1-2 at 6.)  Based on Ms. Carnley's declaration and its own calculations, Defendant alleged a minimum amount in controversy of $5,760,000 for just the pest-control fees.  (ECF 1 at 7.)  Nothing more was needed at that point.  *See Dart Cherokee*, 574 U.S. at 89.

As explained more below, courts routinely accept similar declarations as credible evidence to establish CAFA removal.  *See, e.g.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10784-SSC                             Date: January 8, 2026

Title          Ray Myllyla v. Equity Residential Management, LLC, et al.

*Connor v. O Positive, LLC*, No. 2:24-cv-07449 MWC (PDx), 2025 WL 750687, at *3 (C.D. Cal. Mar. 7, 2025) (collecting cases).

**C**

Next, Plaintiff argues that the class action is limited geographically to California, but that Defendant calculated the amount in controversy in its notice of removal as a nationwide class action. (ECF 9 at 4.)  Plaintiff contends that although the original complaint does not specifically reference only California rental units, such limitation could be inferred because the UCL does not apply extraterritorially.  (*Id.*)  He also notes that the FAC explicitly limits the class to rental units in the state of California.  (*Id.*)

Plaintiff is correct that under California law, a presumption exists against the extraterritorial application of state law, and the California Supreme Court has held specifically that the presumption applies to the UCL "in full force."  *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) ("Neither the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially.").  "[T]he UCL does not apply to actions occurring outside of California that injure non-residents[.]"  *Standfacts Credit Servs., Inc. v. Experian Info. Sols., Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005), *aff'd in part*, 294 F. App'x 271 (9th Cir. 2008) (unpublished).

However, Plaintiff seemingly ignored this law in defining the class in the original complaint, because, as Plaintiff concedes (ECF 9 at 4), the original complaint does not reference only California rental units (ECF 1-2).  Indeed, the class was broadly defined to include "[a]ll persons who entered into residential leases with Defendants from four

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10784-SSC                              Date: January 8, 2026

Title      Ray Myllyla v. Equity Residential Management, LLC, et al.

years prior to filing the case to the date of certification or judgment, whichever is earlier." (ECF 1-2 at 4.) It was Plaintiff's responsibility to define a legally viable class, not Defendant's to infer it. Defendant relied on Plaintiff's broad class definition to plausibly allege a sufficient amount-in-controversy.

Regardless, because Plaintiff challenged Defendant's allegation that CAFA's amount-in-controversy requirement had been met, Defendant was required to provide supporting evidence. *See Dart Cherokee*, 574 U.S. at 89. Defendant has done so here as to the re-defined class. *See, e.g.*, *Rombaut v. U.S. Concepts LLC*, No. 2:25-cv-02802-AB (EX), 2025 WL 2044670, at *2 (C.D. Cal. July 18, 2025) ("A defendant may prove the amount in controversy by a declaration or affidavit."). Responding to Plaintiff's geographic narrowing of the class, Defendant has alleged and provided support that the amount in controversy is met. In its opposition, Defendant alleges that it charged approximately $13,821,322 in pest control and trash service fees using RUBS from January 2025 to September 2025. (ECF 12 at 14.)

Along with its opposition, Defendant submitted a supplemental declaration from Ms. Carnley. (ECF 12-1.) Relying on her review of data that Defendant collected and maintained in its regular course of business, Ms. Carnley declared that "from October 2021 to September 2025 (the four-year period preceding the filing of Plaintiff's initial complaint), [Defendant] had approximately 29,690 tenants per month in California." (*Id.* at 3 at ¶ 9.) She declared further that "[f]rom January 2025 to September 2025, Defendant charged tenants in California a total of approximately $500,809 in pest control fees using RUBS" and "approximately $13,320,513 in trash service fees using RUBS[,]" with a total amount at issue of "approximately $13,821,322" for that period. (*Id.* at ¶ 10.) Lastly, she declared that Defendant "also charged its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10784-SSC                              Date: January 8, 2026

Title  Ray Myllyla v. Equity Residential Management, LLC, et al.

California tenants pest control fees and trash service fees from October 2021 through and including December 2024[,]" and she concluded that the "total amount [Defendant] has charged its tenants for RUBS pest control and trash service fees throughout the proposed four-year class period (October 2021 to September 2025) thus exceeds $5,000,000." (*Id.* at ¶ 11.) This is sufficient evidence to support removal under CAFA. *See Dart Cherokee*, 574 U.S. at 89; *Rombaut*, 2025 WL 2044670, at *2.

  Plaintiff does not contest directly Defendant's amount-in-controversy calculation or the estimated amounts in Ms. Carnley's declaration. (ECF 9.) Nor has Plaintiff submitted any evidence to rebut Defendant's. *See Dart Cherokee*, 574 U.S. at 89. Instead, Plaintiff objects to Ms. Carnley's supplemental declaration on the grounds that her statements about CAFA jurisdiction are inadmissible hearsay; and that she did not describe with particularity any of the documents she purportedly reviewed and "could have just concocted the figures in the supplemental declaration from thin air, as there was no description of which documents (if any) she reviewed and how the documents, whatever they might have been, were maintained [in] the course of ordinary business[.]" (ECF 16 at 2.) Specifically, Plaintiff objects to paragraphs 8 through 11 of Ms. Carnley's declaration as hearsay, for lack of foundation and authentication, and for lack of personal knowledge. (*Id.* at 2–3.)

  Regarding Plaintiff's hearsay objection, that objection is unpersuasive because the only statements offered to prove the truth of the matter asserted are the ones made by Ms. Carnley herself. *See Peters v. TA Operating LLC*, No. EDCV 22-1831 JGB (SHKx), 2023 WL 1070350, at *7 (C.D. Cal. Jan. 26, 2023) (finding plaintiff's hearsay objection unpersuasive because the declaration did not reveal any statement, other than one made by the declarant, offered in evidence to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10784-SSC                               Date: January 8, 2026

Title        Ray Myllyla v. Equity Residential Management, LLC, et al.

prove the truth of the matter asserted).  And although Plaintiff contends in his reply that "not even one document was produced to support the very conclusory, hearsay statements" (ECF 15 at 2), Defendant is not required to submit actual business records to establish CAFA jurisdiction.  *Espinosa v. Genesis Healthcare, Inc.*, No. 2:20-cv-00688-JFW-JEMx, 2020 WL 10641865, at *2 (C.D. Cal. Mar. 31, 2020). Indeed, Plaintiff conceded this point at the January 6, 2026 hearing.

Further, Ms. Carnley states in her supplemental declaration that she has "personal knowledge of the matters stated herein, and if asked to testify thereto, [she] would do so competently." (ECF 12-1 at 2 at ¶ 1.)  That is sufficient to provide adequate foundation and establish that the declaration is based on personal knowledge.  *See Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 945 (C.D. Cal. 2014) (finding adequate foundation for declarant's statements when declarant stated under penalty of perjury that the statements in his declaration were based on personal knowledge he had gained in his role as an executive with defendant); *Montelongo v. RadioShack*, No. 09-01235 MMM (AJWx), 2010 WL 11507995, at *6 n.27 (C.D. Cal. Mar. 31, 2010); *see also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) (declarant's personal knowledge about firm's practices could be inferred from his position with the company).

Moreover, the declaration is not a "barebones, conclusory statement" but rather is akin to other declarations that courts routinely accept as credible evidence to establish CAFA removal.  *Richards v. Now, LLC*, No. 2:18-cv-10152-SVW-MRW, 2019 WL 2026895, at *7 (C.D. Cal. May 8, 2019) ("Where a declarant submits a barebones, conclusory statement regarding his or her employer's information, without providing a sufficient foundation to confirm that the declarant has personal knowledge about the proffered information or how the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-10784-SSC                                   Date: January 8, 2026

Title  Ray Myllyla v. Equity Residential Management, LLC, et al.

declarant arrived at the conclusions reached, it would be improper for a court to rely on that declaration even if the declarant otherwise seems competent and is in a sufficient position with the company to confirm that information."); *Connor*, 2025 WL 750687, at *3.

Accordingly, Plaintiff's objections are OVERRULED. Defendant's *ex parte* application to file responses to them (ECF 17) is DENIED as MOOT.

### D

Lastly, relying on *Sonner v. Premium Nutrition Corp.*, Plaintiff argues that if the UCL claim is removed to federal court, it could be split into separate claims for injunctive and restitutionary relief. (ECF 9 at 4 (citing *Sonner v. Premium Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)).) He argues that because the restitution component of his claim could be split from the injunctive portion, there is no formula for Defendant to state the amount in controversy with certainty for prospective relief. (*Id.* at 4–5.)

"[T]o entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022). Federal courts do not have equitable jurisdiction over restitution in UCL actions when a plain, adequate, and complete remedy exists at law. *Sonner*, 971 F.3d at 845. The Ninth Circuit recently held, however, that "if a plaintiff files a lawsuit in state court seeking only equitable relief and the case is properly removed to federal court, a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 918 (9th Cir. 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10784-SSC                              Date: January 8, 2026

Title   Ray Myllyla v. Equity Residential Management, LLC, et al.

    Here, the original complaint's prayer for relief did not indicate that Plaintiff was seeking prospective injunctive relief. (ECF 1-2.) It listed "[r]eimbursement of all pest control and trash administration charges." (*Id.* at 6.) So at least at the time of removal, the issue of claim splitting was not yet apparent, and thus Defendant would have been able to rely on Plaintiff's prayer for restitution alone to calculate the amount in controversy. Although the FAC clarifies that Plaintiff is seeking prospective injunctive relief in addition to restitution (ECF 11 at 9), and Plaintiff alleged that the remedy at law is inadequate for prospective injunctive relief (ECF 11 at 6), Defendant asserts that it waives the adequate-remedy-at-law issue and that there is therefore no basis to remand under *Sonner*. (ECF 12 at 15.)

    Plaintiff argues that Defendant never indicated to him that it was waiving an equitable jurisdiction challenge until it filed its opposition. (ECF 15 at 3.) That may be so, but Defendant was not required to address that issue prospectively. Plaintiff argues also that Defendant filed a motion to dismiss the FAC (ECF 13) and that if the adequate-remedy-at-law issue is argued, there will be dissonance with the acquiescence announced in the opposition to the motion to remand. (ECF 15 at 3.) But Defendant does not raise the adequate-remedy-at-law issue in its motion to dismiss (ECF 13) or otherwise undermine its stated intention to waive the issue.

    Thus, the Court finds that Defendant has waived the adequate-remedy-at-law issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:25-cv-10784-SSC | Date: January 8, 2026 |
| Title | Ray Myllyla v. Equity Residential Management, LLC, et al. | |

**\*\*\***

For the above reasons, Defendant properly removed the action under the Class Action Fairness Act, and Plaintiff's remand motion is DENIED.

**IT IS SO ORDERED.**

Initials of Preparer    **ts**